No. 1154 December 31, 2025 313

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of W. R. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. A. S.,
aka W. S., aka S. A. S.,
*Appellant.*

Jackson County Circuit Court
23JU04085; A186979 (Control)

In the Matter of O. R. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. A. S.,
aka W. S., aka S. A. S.,
*Appellant.*

Jackson County Circuit Court
23JU04086; A186980

In the Matter of S. T. E. N.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. A. S.,
aka W. S., aka S. A. S.,
*Appellant.*

Jackson County Circuit Court
23JU04087; A186981

Charles G. Kochlacs, Judge.

Submitted October 30, 2025.

George W. Kelly filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

POWERS, J.

In Case No. 23JU04085, reversed and remanded for entry of a judgment omitting jurisdictional basis 4J; otherwise affirmed. In Case Nos. 23JU04086 and 23JU04087, affirmed.

**POWERS, J.**

In this consolidated juvenile dependency case, father appeals from judgments in which the juvenile court asserted jurisdiction over his three children: four-year-old W, six-year-old O, and 10-year-old S.[1] In six assignments of error, father challenges all but one of the bases for dependency jurisdiction, that he sexually abused another child. As explained below, we reverse and remand for entry of a judgment omitting jurisdictional basis 4J in Case No. 23JU04085 and otherwise affirm.

Father has not requested that we engage in *de novo* review, and we would not, in any event, exercise our discretion to do so in this case. *See* ORS 19.415(3)(b) ("Upon an appeal in an equitable action or proceeding other than an appeal from a judgment in a proceeding for the termination of parental rights, the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record or make one or more factual findings anew upon the record."); ORAP 5.40(8)(c) (explaining that we exercise our discretion to review *de novo* "only in exceptional cases"); ORAP 5.40(8)(d) (outlining a nonexclusive list of criteria relevant to the exercise of discretionary authority to review *de novo*). Our task, therefore, is to "review the facts found by the juvenile court to determine whether they are supported by any evidence, and then to determine whether, as a matter of law, those facts together with facts implicitly found by the juvenile court, provide a basis for juvenile court jurisdiction." *Dept. of Human Services v. C. Z.*, 236 Or App 436, 442, 236 P3d 791 (2010). Where the court did not make findings on disputed issues of fact and there is evidence supporting more than one possible factual determination, we presume that the juvenile court made factual determinations consistently with its ultimate legal conclusion. *Dept. of Human Services v. A. J. G.*, 304 Or App 221, 224, 465 P3d 293, *rev den*, 366 Or 826 (2020).

To establish dependency jurisdiction over a child under ORS 419B.100(1)(c), petitioner—here, the Oregon

---

[1] W's and O's mother also appealed from the judgments asserting jurisdiction over them, and, in an opinion issued this same day, we affirmed. *See Dept. of Human Services v. P. M. S.*, 346 Or App 318, ___ P3d ___ (2025).

Department of Human Services (ODHS)—bears the burden of proving that the child's condition or circumstances pose a current threat of serious loss or injury to the child that is likely to be realized. *Dept. of Human Services v. K. B. L.*, 340 Or App 482, 490, 571 P3d 179 (2025). To meet that burden, the evidence must demonstrate "a nexus between the allegedly risk-causing conduct or circumstances and risk of harm to the child." *Dept. of Human Services v. E. M.*, 264 Or App 76, 81, 331 P3d 1054 (2014). The threat to the child must be current; it is not sufficient for ODHS to prove that the child was endangered at some point in the past. *Dept. of Human Services v. M. Q.*, 253 Or App 776, 785, 292 P3d 616 (2012). The risk also cannot be speculative; instead, there must be a reasonable likelihood that the risk will be realized. *Id.*

In this case, the juvenile court asserted dependency jurisdiction over all three children based on father's sexual abuse of another child; exposure of the children to "persons who present a risk of harm to the child[ren] due to their history of criminal conduct"; failure to maintain a safe environment by allowing the children to "live in a home that is unsafe and unsanitary"; and lack of understanding of his children's basic needs and skills necessary to safely parent them. The court also asserted jurisdiction over W and S based on their need for "emotional, mental health, and/or behavioral treatment that require structure, supervision, and/[or] treatment" that father failed to, was unable to, and/or was unwilling to provide. As to O and S, the court asserted jurisdiction on the additional basis that they had been subjected to sexual behavior or conduct by another child, and father failed to protect them. Finally, the juvenile court asserted jurisdiction over S on the additional basis that father had subjected him to "mental, verbal, and/or emotional abuse resulting in impairment of the child's psychological, emotional, cognitive, and/or social well-being and functioning."

As noted, father does not challenge the juvenile court's assertion of dependency jurisdiction based on his sexual abuse of another child. Therefore, our review is limited to whether the evidentiary record was legally sufficient to support the other bases for jurisdiction. ODHS concedes

that the record does not support the court's assertion of jurisdiction over W based on her need for "emotional, mental health, and/or behavioral treatment that require structure, supervision, and/[or] treatment" that father could not or would not provide (jurisdictional basis 4J). Having reviewed the record, we agree with and accept the state's well-founded concession and reverse as to that jurisdictional basis concerning W.

We also conclude based on our review of the record that the juvenile court did not err in asserting dependency jurisdiction on the remaining bases concerning each child. That is, there is evidence proving the facts to support each of those bases and to show that the children were exposed to current, nonspeculative threats of serious loss or injury at the time of the jurisdictional trial. Although the record also includes evidence from which a reasonable factfinder could have made different factual findings and, ultimately, concluded that there was not a current threat of serious loss or injury to the children, the juvenile court was not required to credit that evidence.

In Case No. 23JU04085, reversed and remanded for entry of a judgment omitting jurisdictional basis 4J; otherwise affirmed. In Case Nos. 23JU04086 and 23JU04087, affirmed.