318 December 31, 2025 No. 1155

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. S., aka C. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

P. M. S.,
*Appellant.*

Jackson County Circuit Court
23JU04083; A186982 (Control)

In the Matter of A. P. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

P. M. S.,
*Appellant.*

Jackson County Circuit Court
23JU04084; A186983

In the Matter of W. R. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

P. M. S.,
*Appellant.*

Jackson County Circuit Court
23JU04085; A186984

In the Matter of O. R. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

P. M. S.,
*Appellant.*

Jackson County Circuit Court
23JU04086; A186985

Charles G. Kochlacs, Judge.

Submitted October 30, 2025.

Aron Perez-Selsky filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this consolidated juvenile dependency case, mother appeals from judgments in which the juvenile court asserted jurisdiction over her four children: four-year-old W, six-year-old O, 10-year-old C, and 14-year-old A.[1] In four assignments of error, mother challenges the juvenile court's assertion of jurisdiction over each child generally; that is, she does not challenge any of the individual bases for jurisdiction. We affirm.

Mother has not requested that we engage in *de novo* review, and we would not, in any event, exercise our discretion to do so in this case. *See* ORS 19.415(3)(b) ("Upon an appeal in an equitable action or proceeding other than an appeal from a judgment in a proceeding for the termination of parental rights, the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record or make one or more factual findings anew upon the record."); ORAP 5.40(8)(c) (explaining that we exercise our discretion to review *de novo* "only in exceptional cases"); ORAP 5.40(8)(d) (outlining a nonexclusive list of criteria relevant to the exercise of discretionary authority to review *de novo*). Thus, our task is to "review the facts found by the juvenile court to determine whether they are supported by any evidence, and then to determine whether, as a matter of law, those facts together with facts implicitly found by the juvenile court, provide a basis for juvenile court jurisdiction." *Dept. of Human Services v. C. Z.*, 236 Or App 436, 442, 236 P3d 791 (2010). Where findings on disputed issues of fact are not made and there is evidence supporting more than one possible factual determination, we presume that the juvenile court decided the facts consistently with its ultimate legal conclusion. *Id.*

To establish dependency jurisdiction over a child under ORS 419B.100(1)(c), petitioner—here, the Oregon Department of Human Services (ODHS)—bears the burden of proving that the child's condition or circumstances pose

---

[1] W's and O's father also appealed from the judgments asserting jurisdiction over them, and we reversed, in an opinion issued this same day, as to one of the jurisdictional bases concerning W and otherwise affirmed. *Dept. of Human Services v. S. A. S.*, 346 Or App 313, ___ P3d ___ (2025). The basis that was reversed with respect to father was not included as a basis with respect to mother.

a current threat of serious loss or injury to the child that is likely to be realized. *Dept. of Human Services v. K. B. L.*, 340 Or App 482, 490, 571 P3d 179 (2025). To meet that burden, the evidence must demonstrate "a nexus between the allegedly risk-causing conduct or circumstances and risk of harm to the child." *Dept. of Human Services v. E. M.*, 264 Or App 76, 81, 331 P3d 1054 (2014). The threat to the child must be current; it is not sufficient for ODHS to prove that the child was endangered at some point in the past. *Dept. of Human Services v. M. Q.*, 253 Or App 776, 785, 292 P3d 616 (2012). The risk also cannot be speculative; instead, there must be a reasonable likelihood that the risk will be realized. *Id.*

In this case, the juvenile court asserted dependency jurisdiction over all four children based on mother's exposure of the children to "persons who present a risk of harm to the child[ren] due to their history of criminal conduct"; failure to maintain a safe environment by allowing the children to "live in a home that is unsafe and unsanitary"; failure, inability, and/or unwillingness to provide the children with the "structure, supervision, and[/or] treatment" they need; and lack of understanding of her children's basic needs and skills necessary to safely parent them. The court also asserted jurisdiction over A, C, and W because of mother's "residential instability" that interferes with her "ability to safely parent the child[ren]" and over O based on mother's "residential instability and/or chaotic lifestyle [that] interferes with her ability to safely parent the child." In addition, the court asserted jurisdiction over A based on mother's failure to protect her from sexual abuse and to provide her with adequate supervision. The court also asserted jurisdiction over O based on the additional basis that he had been subjected to sexual behavior or conduct by another child, and mother failed to protect him.

As noted, mother assigns error to the juvenile court's assertion of jurisdiction over each child generally and does not assign error to the court's individual rulings on any of the particular bases on which the court asserted jurisdiction. Having reviewed the record in light of the assignments of error, we conclude that mother has not demonstrated that

the juvenile court erred. We acknowledge that there is evidence that, at the time of the jurisdictional trial, mother and father had made progress toward ameliorating many of the conditions and circumstances that prompted ODHS's intervention and filing of dependency petitions concerning the children. However, there is also ample evidence in the record that, at the time of the jurisdictional trial, all four children remained exposed to multiple risks of serious loss or injury that were current and likely to be realized.

Affirmed.